1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9   WILLIE WEAVER,                                          CASE NO. 1:06-CV-01356-LJO DLB-P

10                        Plaintiff,                        ORDER DISMISSING ACTION, WITHOUT
                                                            PREJUDICE, FOR FAILURE TO EXHAUST
11         v.                                               PRIOR TO FILING SUIT

12   CALIFORNIA CORRECTIONAL                                (Doc. 1)
     INSTITUTION FIRST WATCH, et al.,
13
                          Defendants.
14   _____/

15

16         Plaintiff Willie Weaver ("plaintiff") is a state prisoner proceeding pro se in this civil rights

17   action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on September 27, 2006, but has not

     paid the $350.00 filing fee.[1]
18
           Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with
19
     respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner
20
     confined in any jail, prison, or other correctional facility until such administrative remedies as are
21
     available are exhausted."  42 U.S.C. § 1997e(a).  The section 1997e(a) exhaustion requirement
22
     applies to all prisoner suits relating to prison life.  Porter v. Nussle, 435 U.S. 516, 532 (2002).
23

24
     _____

25       [1]  Absent a showing of imminent danger of serious physical injury, plaintiff is ineligible to proceed in forma
     pauperis in this action because he has had at least three previous actions dismissed for failure to state a claim,
26   frivolousness, or maliciousness.  28 U.S.C. § 1915(g).  The Court takes judicial notice of case numbers 1:06-CV-
     00671-OWW-SMS-P Weaver v. California Correctional Institution Confinement SHU (dismissed July 17, 2006, for
27   failure to state a claim and frivolousness); 1:06-CV-00775-OWW-LJO-P Weaver v. California Correctional
     Institution - Third Watch Sergeant (dismissed July 17, 2006, for failure to state a claim and frivolousness); and 1:06-
28   CV-00863-OWW-SMS-P Weaver v. California Correctional Institution Law Library (dismissed August 1, 2006, for
     failure to state a claim and frivolousness).

1

1  Prisoners must complete the prison's administrative process, regardless of the relief sought by the

2  prisoner and regardless of the relief offered by the process, as long as the administrative process can

3  provide some sort of relief on the complaint stated.  Booth v. Churner, 532 U.S. 731, 741 (2001).

4  Exhaustion must occur prior to filing suit.  McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir.

5  2002).

6         Plaintiff concedes in his complaint that exhaustion of his claim has not yet occurred.

7  Because it is clear from the face of plaintiff's complaint that he did not exhaust the available

8  administrative remedies prior to filing suit, this action must be dismissed.  42 U.S.C. § 1997e(a);

9  Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion

10  is a valid grounds for dismissal . . . .").

11         Accordingly, this action is HEREBY ORDERED DISMISSED, without prejudice, based on

12  plaintiff's failure to comply with 42 U.S.C. § 1997e(a) by exhausting the available administrative

13  remedies prior to filing suit.

14

15

16  IT IS SO ORDERED.

17  **Dated:    May 1, 2007**                              _____/s/ Lawrence J. O'Neill_____
                                                         UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27

28